PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* EUGENIO DEL TORO, Defendant and Appellant.

No. 2368. Argued January 22, 1925.—Decided May 21, 1925.

ADULTERATION OF MILK—EVIDENCE—SURPRISE.—When over the objection of the defendant the court admits the testimony of a witness whose name did not appear on the information and whose appearance was a complete surprise to the defense, which had no opportunity to offset the unanticipated disquisition with which the defendant was confronted in open violation of the express stipulation of the parties concerning the evidence, the judgment of conviction must be reversed.

District Court of Humacao, Pablo Berga, J. Judgment convicting the defendant of adulterating milk. *Reversed.*

*González Fagundo & González, Jr.,* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

An information filed by a district attorney charged defendant with having on sale adulterated milk.

A chemist named Gadea called by the prosecution testified that the milk was below the standard required by law. Another chemist, who took the stand for the defence, testified that his analysis showed that the sample examined by him met the legal requirements.

The *fiscal* interrupted the examination of this witness with a request for an order that an analysis of a third sample then in possession of the local health officer be made. Counsel for defendant acquiesced upon condition that the chemist who had taken the stand for the defence should be permitted to observe the test when made.

The *fiscal* then asked leave to recall his witness for further examination, to which defendant objected, and the court thereupon said "the *fiscal* withdraws his request for an analysis of the other sample."

This rather remarkable announcement was followed by a reminder on the part of counsel for defendant that the *fiscal* had "proposed it," an overruling of the "motion" and a more or less extended and acrimonious argument between counsel and the court; after which defendant was permitted to proceed with the examination of his witness.

Upon resting, defendant asked the court for an order directing that the third sample should be analyzed at a place to be designated by the court by the two chemists who had testified at the trial. The *fiscal* made no objection to this proposition and the court took the matter under advisement.

Next the record recites that—

"Before the case is submitted the court rules upon defendant's motion to have a test made of the third sample brought into court by the district health officer and orders that the sample be sent to the government laboratory and there analyzed by the government expert Gadea and the defendant's expert Pesquera, upon condition that the said sample is to be opened in the presence of all, including the expert for the prosecution as well as for the defence, and the court will decide the matter in the light of the new written report to be submitted by the said experts.

"At the request of the attorney for the defence the case was closed and it was ordered that no other evidence be admitted than the statement of the experts who should make the analysis of the third sample."

At a subsequent hearing, after an analysis of the third sample by the two chemists above mentioned, a joint report signed by both experts was produced wherein they agreed that the result showed approximately one half of one per cent less than the percentage of butter fat prescribed by law, but that the sample analyzed contained a certain amount of solids which could not be dissolved and which therefore were not included in the analysis as made.

Thereupon both chemists again testified, reaching diametrically opposite conclusions in regard to the influence and significance of the indissoluble particles as factors in the result.

As the case then stood, if the defendant were given the benefit of the rule as to reasonable doubt he would have been entitled to an acquittal in the absence of anything that might induce the judge to believe that the government expert was a more trustworthy witness than the chemist who took the stand for the defendant.

At this stage of the proceeding the *fiscal* presented the director of the chemical laboratory of the Insular Health Department, a chemist of large experience, established reputation and recognized ability, who had not seen any of the samples analyzed, whose name did not appear on the information and whose appearance was a complete surprise to the defence, but who had been present in the courtroom unobserved by defendant during the examination of the two experts who had just left the stand.

Over the strenuous objection of defendant this witness was then permitted to review the contradictory statements of the two witnesses who had preceded him in order to sustain the theory of the expert for the Government and assail the conclusions reached by defendant's witness, by argument, learned exposition of scientific theories and copious quotations from different writers cited as authorities upon the matter in dispute.

At the close of this extraordinary and spectacular performance counsel for defendant declined to cross-examine this witness and defendant was found guilty of the offence charged.

The penalty imposed was two days imprisonment with costs, which seems to indicate that the court regarded the matter as, at most, a technical rather than an intentional violation of the law, but the defendant objects even to this light punishment and we are constrained to agree that in the circumstances he should have had an opportunity to seek and, if possible, to produce other experts of like if not equal prestige in order to offset to some extent or at least to challenge the unanticipated but well prepared scientific disquisition with which he was confronted at the close of the second hearing, *supra,* in flagrant disregard and open violation of the express stipulation of all parties concerned to the effect that such hearing would be limited to the admission of a written report and the testimony, if need be, of the two experts already examined.

The judgment appealed from must be reversed.